UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALISHA F. WICKHAM,

      **Plaintiff,**

  v.                              Civil Action 2:20-cv-6016
                                        Judge Edmund A. Sargus, Jr.
                                        Magistrate Judge Chelsey M. Vascura

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Alisha F. Wickham ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income Benefits. This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 12), the Commissioner's Memorandum in Opposition (ECF No. 14), Plaintiff's Reply (ECF No. 15) and the administrative record (ECF No. 12). For the reasons that follow, the undersigned **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

### I.    BACKGROUND

Plaintiff filed her application for Title XVI Supplemental Security Income Benefits on June 13, 2017, alleging that she became disabled on August 15, 2013. (R. 213–18.) On July 29, 2020, following administrative denials of Plaintiff's applications initially and on reconsideration, a hearing was held before Administrative Law Judge Deborah F. Sanders (the "ALJ"). (*Id.* 43–

74.) Plaintiff, represented by counsel, appeared and testified. Vocational expert Jerry A. Olsheski (the "VE") also appeared and testified at the hearing. On February 13, 2020, the ALJ issued a decision denying benefits. (*Id.* at 15–37.) On September 20, 2020, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. 1–4.) Plaintiff then timely commenced the instant action. (ECF No. 1.)

In her Statement of Errors (ECF No. 17), Plaintiff asserts a single contention of error: that the ALJ failed to properly evaluate and account for the limitations opined by the state agency psychologists. (*Id.* at 7–15.)

## II. THE ALJ'S DECISION

On February 13, 2020, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 15–37.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of August 15, 2013. (*Id.* at 18.) At step two, the ALJ

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

found that Plaintiff has the severe impairments of generalized anxiety disorder, major depressive disorder, borderline personality disorder, and posttraumatic stress disorder. (*Id.* at 19.) She further found at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 19–22.) At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC")[2] as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: can perform simple, routine, repetitive short-cycled tasks, but not at a production rate pace and with no strict production quotas; no interaction with the public; occasional interaction with coworkers, but no tandem or shared tasks; occasional supervision with supervisors, but no over the shoulder supervision; can adapt to infrequent changes.

(*Id.* at 23.)

At step five of the sequential process, the ALJ found that Plaintiff had no past relevant work. (*Id.* at 35.) The ALJ further found, relying on the VE's testimony, that in light of Plaintiff's age, education, work experience, and RFC, there are jobs that existed in significant numbers in the national economy that she could perform, such as a cleaner, machine feeder, or hand packer. (*Id.* at 35–36.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. (*Id.* at 36.)

### III.  STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009)

---

[2] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).

3

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

As noted above, Plaintiff asserts a single contention of error: that the ALJ failed to properly evaluate and account for the limitations opined by the state agency psychologists Courtney Zeune, Psy.D., and Paul Tangeman, Ph.D, when crafting Plaintiff's RFC. (Pl.'s Statement of Errors 11–14, ECF No. 13.) The undersigned agrees.

A claimant's RFC is an assessment of "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1) (2012). A claimant's RFC assessment must be based on all the relevant evidence in a his or her case file. *Id*. The governing regulations[3] describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)-(5); 416.913(a)(1)–(5). When evaluating medical opinions, an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, an ALJ must use the following factors when considering medical opinions: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program s policies and evidentiary requirements." §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5). Although there are five factors, supportability and consistency are the most important, and the ALJ must explain how they were considered. §§ 404.1520c(b)(2); 416.920c(b)(2). And although an ALJ may discuss how he or she evaluated the other factors, he or she is not generally required to do so. *Id*. If, however, an ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." §§ 404.1520c(b)(3); 416.920c(b)(3).

---

[3] Plaintiff's application was filed after March 27, 2017. Therefore, it is governed by revised regulations redefining how evidence is categorized and evaluated when an RFC is assessed. *See* 20 C.F.R. §§ 404.1513(a), 404.1520c, 416.913(a), 416.920c (2017).

Here, state agency psychologists Courtney Zeune, Psy.D., and Paul Tangeman, Ph.D, reviewed Plaintiff's medical records at the initial and reconsideration level, respectively. (R. 96–96–98, 124–26.) Of relevance to Plaintiff's Statement of Errors, Dr. Zeune opined that Plaintiff is "moderately limited" in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" and stated in narrative form that Plaintiff "can understand SRT [simple routine tasks] and complex tasks[;] she will have issues maintaining attention long periods and maintaining a normal work day due to her anxiety." (R. 97.) Dr. Zeune also stated in narrative form that Plaintiff "is able to complete tasks in an environment where changes are infrequent and there are not strict production demands" and that Plaintiff "is able to interact with supervisors and coworkers on a superficial basis but should not be expected to interact with the public due to anxiety." (*Id.*) On reconsideration, Dr. Tangeman adopted the same limitations verbatim, noting that they were "still consistent with the medical findings." (R. 125–26.)

The ALJ provided the following discussion of the state agency psychologists' opinions, finding them persuasive overall:

> The undersigned has considered the opinions of State agency psychological consultants Dr. Courtney Zeune and Dr. Paul Tangeman. They found the claimant had no limitations in understanding, remembering, or applying information, moderate limitations in concentrating, persisting, or maintaining pace, and moderate limitations in adapting or managing oneself. Dr. Zeune found marked limitations in interacting with others, while Dr. Tangeman found moderate limitations in interacting with others. They found she had moderate limitations in maintaining attention and concentration for extended periods, working in coordination or proximity to others without being distracted by them, completing a normal workday and workweek without interruptions from psychologically based symptoms, and performing at a consistent pace without an unreasonable number and length of breaks. They found she could understand simple, routine, tasks and complex tasks, but would have issues maintaining attention for long periods and maintaining a normal workday. They found marked limitations in interacting

>appropriately with the general public. They found moderate limitations in accepting instructions, responding appropriately to criticism from supervisors, and getting along with coworkers or peers without distracting them or exhibiting behavioral extremes. They found the claimant could interact with supervisors and coworkers on a superficial basis but should not be expected to interact with the public. They found moderate limitations responding appropriately to changes in the work setting. They found she could complete tasks in an environment where changes were infrequent and there were not strict production demands. (Exhibits 1A, 2A, 5A, 6A). Their opinions were based on a review of the longitudinal record. It was consistent with the claimant's minimal, inconsistent treatment record. The undersigned has provided some additional limitations, limiting her to simple, routine, repetitive, short-cycled tasks due to concerns about her issues with maintaining concentration for long periods. Dr. Zeune and Tangeman also used the undefined vocational term "superficial" to describe her social interactions. "Superficial" is not a vocational term, so the undersigned has provided a more specific explanation of the types of social interactions that the claimant was limited in performing. Otherwise, these opinions were persuasive.

(R. 31–32.)

The undersigned finds that the ALJ erred in her consideration of Dr. Zeune's and Dr. Tangeman's opinions. Specifically, ALJ noted the state agency psychologists "Section I" checkbox opinions that Plaintiff is moderately limited in completing a normal workday and workweek without interruptions from psychologically based symptoms, and performing at a consistent pace without an unreasonable number and length of breaks, and also noted their "Section III" narrative RFC opinions that Plaintiff would "have issues . . . maintaining a normal workday" due to her anxiety. (R. 32, citing R. 97, 125–26).[4] However, the ALJ's RFC does not contain limitations pertaining to Plaintiff's difficulties in completing a normal workday and the ALJ's decision does not explain why those limitations were omitted, despite finding the state

---

[4] The Commissioner contends that Plaintiff's argument rests only on the state agency psychologists' Section I checkbox limitations, which the ALJ is not required to expressly consider because they are simply part of a worksheet that "does not constitute the [doctor's actual] RFC assessment." POMS DI § 24510.060(B)(2), *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0424510060. However, Plaintiff's Statement of Errors refers to both the Section I checkbox limitations and the Section III narrative opinions, which constitute the evaluators' "actual mental RFC." *Id*. at § 24510.060(B)(4).

agency psychologist opinions to be persuasive overall. Although the ALJ may adopt portions of a medical opinion without adopting all of it, *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015), the ALJ must still "say enough 'to allow the appellate court to trace the path of h[er] reasoning.'" *Stacey*, 451 F. App'x at 519 (quoting *Diaz v. Chater,* 55 F.3d 300, 307 (7th Cir. 1995)). Here, not only did the ALJ fail to provide any analysis of Plaintiff's issues with maintaining a normal workday, but the RFC is also devoid of other limitations accounting for these difficulties. Nor does the ALJ's discussion of the remainder of the evidence analyze Plaintiff's issues with maintaining a normal workday. (*See generally* R. 20–35.)[5] Consequently, the undersigned cannot discern whether the ALJ rejected the state-agency opinions "for legitimate or illegitimate reasons or whether [s]he failed to consider [them] at all in assessing [Plaintiff's] residual functional capacity." *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 520 (6th Cir. 2011); *see also Moore v. Colvin*, No. 2:14-CV-455, 2015 WL 5675805, at *7 (S.D. Ohio Sept. 28, 2015) (remanding where the Court was "left with an inability to discern whether the ALJ discounted portions of these three State agency consultants' opinions for valid or invalid reasons, or simply ignored them altogether").

Courts in this district have found reversible error when the ALJ failed to address a medical source's opinion that the claimant was impaired in her ability to complete a normal workday. *See Buhmann v. Comm'r of Soc. Sec.*, No. 3:14-CV-17, 2015 WL 4550489, at *5 (S.D. Ohio Mar. 24, 2015); *Foster v. Colvin*, No. 1:14CV1940, 2015 WL 4644624, at *12 (N.D. Ohio Aug. 4, 2015). This Court has also found reversible error when the ALJ failed to address a state agency psychologist's opinion that the claimant would require the related limitation of

---

[5] In fact, when discussing the opinion of treating mental health counselor Paula Colman, M.S., L.P.C.C., the ALJ notes that Ms. Colman also recommended "possibly shortened workdays" but similarly did not analyze the persuasiveness of that opined limitation. (R. 33–34.)

flexible breaks.  *See Wright v. Comm'r of Soc. Sec.*, No. 2:18-CV-609, 2019 WL 1512542, at *6 (S.D. Ohio Apr. 8, 2019), *report and recommendation adopted*, 2019 WL 3007085 (S.D. Ohio July 10, 2019); *Mardis v. Comm'r of Soc. Sec.*, No. 2:20-CV-1765, 2021 WL 221994, at *5 (S.D. Ohio Jan. 22, 2021), *report and recommendation adopted*, 2021 WL 2665468 (S.D. Ohio June 29, 2021); *Clark v. Comm'r of Soc. Sec.*, No. 2:20-CV-3338, 2021 WL 1903912, at *6 (S.D. Ohio May 12, 2021).  The same conclusion is warranted here.

The undersigned further concludes that the ALJ's failure to address the omitted limitations does not constitute harmless error.  Indeed, "an error is harmless only if remanding the matter to the agency 'would be an idle and useless formality' because 'there is [no] reason to believe that [it] might lead to a different result.'"  *Stacey*, 451 F. App'x at 520 (quoting *Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x. 171, 173 (6th Cir. 2004)).  Here, it is not clear whether Plaintiff could perform work in the national economy if her abilities are as limited as opined by the state agency psychologists.  And further, "[r]emanding this case is not a mere formality, as it 'would propel [our Court] into the domain which Congress has set aside exclusively for the administrative agency,' if we were to determine the jobs available to [Plaintiff] based upon her limitations."  *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 192 (6th Cir. 2009) (citations omitted).  Accordingly, the undersigned **RECOMMENDS** that Plaintiff's statement of errors be **SUSTAINED**.

## V.     DISPOSITION

Due to the errors outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g).  The undersigned therefore **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ

9

under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE